UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | CASE NO. 1:11-CV-00068-AWI-MJS PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION<br><br>(ECF No. 17) |

## I. PROCEDURAL HISTORY

Plaintiff Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on January 13, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

On March 9, 2011, pursuant to 28 U.S.C. § 1915(g), the Court denied Plaintiff the right to proceed in forma pauperis and dismissed his action without prejudice to refiling at the time he submitted the $350.00 filing fee. (Order, ECF No. 3.) The Court also found that Plaintiff did not meet the imminent danger exception. (Id. at 1-2.)

Plaintiff filed a Motion to Reconsider the Court's ruling regarding his in forma pauperis status. (Motion for Reconsideration, ECF No. 5.) That Motion was denied. (Order Denying, ECF No. 6.)

Plaintiff then appealed the Court's in forma pauperis ruling. (Notice of Appeal, ECF No. 7.) The Ninth Circuit found that Plaintiff could meet the imminent danger exception established in 28 U.S.C. § 1915(g), vacated the District Court's Order denying leave to proceed in forma pauperis, and remanded the case to the District Court. (U.S.C.A. Order, ECF No. 12.)

Plaintiff filed a Motion for Return of his Complaint. (Motion for Complaint, ECF No. 13.)

On December 2, 2011, the Court issued an Order authorizing Plaintiff to proceed in forma pauperis, granted his motion for return of the Complaint and directed the Court Clerk to return the Complaint to him. Plaintiff also was ordered to submit, within sixty (60) days, a certified copy of his prison trust account statement for the six-month period immediately preceding filing of the Complaint. (Order Granting Motion, ECF No. 16.)

Before the Court is Plaintiff's Motion for Clarification of Case Status (Motion for Clarification, ECF No. 17) wherein he seeks a copy of the original Complaint lodged with the Court and an update on the status of his case.

## II.  ANALYSIS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court will direct the United States Marshal to serve Plaintiff's Complaint only after the Court has screened the Complaint and determined that it contains cognizable claims for relief against the named Defendants.

The Court is aware of Plaintiff's action and his Compliant is in line for screening. However, the Court has a large number of prisoner civil rights cases pending before it. It and will screen Plaintiff's Complaint in due course. Until such time as the Court has screened Plaintiff's Complaint, no further action is required.

Plaintiff may make arrangements with the Court Clerk to obtain a copy of his Complaint upon his submitting a money order covering the cost of copies at the Court's scheduled charge of $0.50 per page.

### III   ORDER

Accordingly, it is ORDERED that Plaintiff's Motion for Clarification is GRANTED in the manner set out above.

IT IS SO ORDERED.

Dated:   April 3, 2012                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE