# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No.  1:11-cv-00068-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS (1) FOR SERVICE OF COGNIZABLE MEDICAL INDIFFERENCE CLAIMS IN FIRST AMENDED COMPLAINT AGAINST DEFENDANTS GREAVES, BONDOC, PUNT, MADINA, SWINGLE, NEUBARTH, COREA, DHAH, and (2) DISMISSING ALL OTHER INDIVIDUALLY NAMED DEFENDANTS**<br><br>**(ECF No. 20)**<br><br>**OBJECTIONS DUE WTHIN FOURTEEN DAYS** |

　　　　Plaintiff Bryan E. Ransom is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court screened the complaint and ordered Plaintiff to either file an amended pleading or notify the Court of willingness to proceed only on his medical indifference claims. Plaintiff filed a FIRST amended complaint which is now before the Court for screening.

　　　　The Court has screened the FIRST amended complaint and, for the reasons set forth below, recommends that it be served on Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah, and that all other individually named

Defendants be dismissed from this action with prejudice.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### III.     PLAINTIFF'S ALLEGATIONS

Plaintiff complains that, during 2004-2010, while incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison – Corcoran ("CSP") and High Desert State Prison ("HDSP"), his Hepatitis-C (Hep-C) condition was not properly diagnosed, treated and accommodated; he was transferred without due process and in retaliation for initiating civil rights litigation; and the prison diet caused him to develop other health problems. These actions violated his First, Eighth and Fourteenth Amendment rights.

Plaintiff names as Defendants (1) Greaves, CSP Medical Doctor, (2) Bondoc, CSP Medical Doctor, (3) Neubarth, CSP Medical Doctor, (4) Corea, CSP Medical Doctor, (5) Wilson, CSP Medical Doctor, (6) Savage, CSP Medical Doctor, (7) Dhah, CSP Medical Doctor, (8) Junious, CSP Institutional Classification Committee ("ICC") member, (9) Morales, CSP ICC member, (10) Rangel, CSP ICC member, (11) Martinez, CSP ICC member, (12) Salkowitz, CSP ICC member, (13), Wortman, CSP VP of Education, (14) Neri, CSP library technician, (15) Madina, HDSP Medical Doctor, (16) Punt, HDSP Medical Doctor, (17) Swingle, HDSP Medical Doctor, (18) Hubbard, CDCR Departmental Review Board ("DRB") member, (19) Kane, CDCR DRB member, (20) Rodriquez, CDCR DRB member, (21) Hoglund, CDCR DRB member, (22) Arnold, CDCR DRB member, (23) Albritton, CDCR DRB member, (24) Does 1-35.

More specifically, Plaintiff alleges that:

Medical Defendants Greaves, Bondoc, Punt, Madina and Swingle delayed diagnosis and treatment of Plaintiff's Hep-C. Medical Defendants Neubarth, Corea and Dhah refused to effectively treat his related pain. These Defendants caused unnecessary pain and irreparable liver damage.

DRB Defendants Hubbard, Kane, Rodriquez, Hoglund, Arnold and Albritton, retaliated against him for his then pending civil rights litigation against other CDCR officials, by transferring him from CSP Security Housing Unit ("SHU") to HDSP general population. DRB Defendants did not allow Plaintiff "an opportunity to voice his views to the DRB regarding the indeterminate SHU term assessment." (ECF No. 20 at 17:17-20.)

ICC Defendants Junious, Morales, Rangel, Martinez and Salkowitz, who had recommended against placing Plaintiff in the general population due to safety concerns, failed to intervene in the transfer.

COR administrative Defendants Wortman and Neri did not provide Americans with Disabilities Act ("ADA") accommodation of Plaintiff's hand and wrist pain. They refused to help Plaintiff prosecute pending court cases and claimed Title 15 regulations did not require such assistance.

COR food service Defendants Does 25-35 provided Plaintiff with meals high in Trans Fat Acids ("TFA"), knowing such could cause Plaintiff to develop type II diabetes and hypertension. Plaintiff developed those conditions.

Plaintiff seeks monetary damages and appointment of counsel.

**IV.   ANALYSIS**

The undersigned recommends service of the medical indifference claims in the FIRST amended complaint against Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah, and dismissal with prejudice of all other individually named Defendants, for the reasons stated below.

**A.   Deliberate Indifference**

1.   Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the

4

unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

Where a delay in treatment is alleged, the plaintiff must show delay led to further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. The delay only rises to a constitutional violation if it caused the prisoner "substantial harm." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff's complains Defendants Greaves, Bondoc, Punt, Madina, Swingle, were aware of the need for definitive Hep-C diagnosis and treatment but failed to provide it, causing Plaintiff chronic debilitating pain and permanent liver damage. This is sufficient to state a claim of indifference to serious medical needs against these Defendants. See Coleman-Bey v. U.S. 512 F.Supp.2d 44, 47 (D.D.C. 2007) (chronic Hep-C infection presents a serious medical need as the condition may lead to liver disease, including cirrhosis; McKenna v. Wright, 386 F.3d 432, 437 (2d Cir. 2004) (failure to test for Hep-C despite know danger signs of disease, and to initiate treatment when the need for treatment was apparent sufficient to claim deliberate indifference).

Plaintiff also complains Defendants Neubarth, Corea and Dhah, knowing Plaintiff was in serious pain, refused to provide effective pain treatment. This is sufficient to state medical indifference against these Defendants. A purposeful failure to respond to serious chronic pain is sufficient to show deliberately indifferent medical care. See McGuckin, 974 F.2d at 1059-60 (9th Cir. 1992).

    2.  Prison Diet

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503

U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff believes Doe Defendants provided prison meals containing "poisonous, highly toxic levels of TFA" (ECF No. 20 at 20:16-17), that "caused [him] to develop [t]ype [II] diabetes and hypertension" (Id. at 20:24-26). Plaintiff's belief, without more, is not sufficient to show deliberate indifference. Such conjecture and surmise as to medical cause and effect, without any factual support, is not sufficient to show knowing indifference to an extreme health risk.

Plaintiff does not claim he was under dietary restrictions or had a dietary chrono or medical order, or explain how TFA's placed his health at risk. See e.g., Davidson v. Desai, 817 F.Supp.2d 166, 189 (W.D.N.Y. 2011) (an intentional failure to provide an inmate with a medically prescribed diet for a prolonged period of time can state a viable Eighth Amendment claim). He does not explain why he believes TFA's are a health risk and the extent to which he was exposed to any such risk. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (in determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered). He does not explain why he believes TFA's caused his alleged diabetes and hypertension. See Davidson, 817 F.Supp.2d at 190 (no Eighth Amendment claim based on diet where no adverse health impact).

### 3. ICC Defendants' Failure to Protect

Where failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1991).

Plaintiff complains the DRB overrode the ICC's recommendation for SHU housing and the ICC then failed to protect Plaintiff from subsequent transfer from the

6

CSP SHU. That the CDCR DRB decision deviated from the ICC recommendation to the DRB is not alone a basis for federal claim. Nothing suggests CSP ICC Defendants knowing failure to protect Plaintiff from a serious risk arising from housing at another facility, HDSP, and their ability to do so.

### B. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff complains the DRB Defendants transfer recommendation was motived by a civil rights lawsuit Plaintiff filed two years earlier against other CDCR DRB officials. Plaintiff believes this because the lawsuit was still pending when the DRB Defendants made the transfer decision, and such decision deviated from the ICC's recommendation. This not sufficient to show retaliation. The protected conduct must be a "substantial or motivating factor behind the [DRB Defendants'] conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Nothing suggests DRB Defendants were aware of the prior lawsuit and motived by it and that the DRB transfer decision lacked penological purpose.

### C. Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983).

1    Plaintiff complains the DRB Defendants denied him "an opportunity to voice his
2 views to the DRB regarding the indeterminate SHU term assessment." However, the
3 DRB decision was not adverse to Plaintiff; the decision discontinued (rather than
4 imposed) restrictive housing. Plaintiff does not explain or support his assertion of a
5 liberty interest in restricted housing. Nothing suggests a transfer from SHU to general
6 population impinges a federal liberty interest, see Moody v. Daggett, 429 U.S. 78, 88,
7 n.9 (1976), or imposes hardship under state law. Sandin v. Conner, 515 U.S. 472, 481-
8 84 (1995).

9    Even if Plaintiff had alleged a liberty interest, he does not identify any procedural
10 rights due, at hearing or otherwise, that were denied him. It appears an inmate is
11 entitled to due process notice and opportunity in ICC proceedings having an adverse
12 effect, Cal. Code Regs. tit. 15 § 3375, but not upon DRB review of ICC
13 recommendations. Cal. Code Regs. tit. 15 § 3376.1. Plaintiff does not explain why and
14 how he was entitled to comment to the DRB, the extent to which he was denied this
15 opportunity, that his views were not reflected in the ICC record reviewed by the DRB,
16 and that the DRB decision lacked indicia of reliability. Bruce v. Ylst, 351 F.3d 1283,
17 1287 (9th Cir. 2003); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

18    Plaintiff fails to demonstrate the existence of a liberty interest or link a denial of
19 procedural due process to the DRB Defendants.

20    **D.    ADA Assistance with Litigation**

21    Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on
22 the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To
23 establish a violation of Title II of the ADA, a plaintiff must show that (1)[he] is a qualified
24 individual with a disability, (2) [he] was excluded from participation in or otherwise
25 discriminated against with regard to a public entity's services, programs, or activities,
26 and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303
27 F.3d at 1052.

28    "To recover monetary damages under the ADA, a plaintiff must prove

intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff complains his Hep-C and treatment "substantially limited . . . his ability to write, dress and care for himself." (ECF No. 20 at 18:18-21) and is an ADA qualifying disability. Plaintiff further alleges that Defendants Wortman and Neri denied accommodation when they refused to provide requested litigation assistance. However, Plaintiff provides no factual detail showing an ADA qualifying disability. He merely concludes he is disabled. This is not sufficient.

Plaintiff fails to allege facts of impairment substantially limiting one or more of the major life activities. Hale v. King, 642 F.3d 492, 500 (5th Cir. 2011), citing Americans with Disabilities Act of 1990, § 3(1)(A), 42 U.S.C.A. § 12102(1)(A). Plaintiff does not state the nature, extend, frequency and duration of impairment. See Hale, 642 F.3d at 500-501 (prisoner's allegation of chronic Hep-C alone not sufficient to show qualifying disability under the ADA). Nor does it appear Defendants regarded Plaintiff as disabled for purposes of the ADA. Hale, 642 F.3d at 502. Plaintiff does not appear to have an ADA chrono or related medical order.

Even if Plaintiff had alleged a disability, he demonstrates no denial of access to prison services, programs, and activities. Denial of access to court by failure to accommodate disability-related needs may in some circumstances constitute exclusion from prison services, programs or activities. United States v. Georgia, 546 U.S. 151, 162 (2006). But here Plaintiff has no cognizable access to courts claim.

Plaintiff's allegations do not entitle him to relief under Title 15 § 3160, which provides for staff assistance of physically incapable inmates in preparing forms for habeas petitions and modifications of custody. Plaintiff neither identifies such qualifying litigation, nor facts showing physical inability to prepare litigation forms. Even if he had, Title 15 regulations do not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action

under Title 15, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

### E. Appointment of Counsel Should be Denied Without Prejudice

Plaintiff requests appointment of counsel to assist him in this action. This request should be denied without prejudice.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel.").

Plaintiff does not demonstrate exceptional circumstances supporting appointment of counsel. 28 U.S.C. § 1915(e)(1); Rand, 113 F.3d at 1525. The facts alleged appear straightforward and unlikely to involve extensive investigation and discovery. Plaintiff has to date demonstrated reasonable writing ability and legal knowledge. Moreover, it is

not apparent on the record that before bringing this motion Plaintiff exhausted diligent effort to secure counsel. Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.

Additionally, as a procedural matter a request for a court order, including an order appointing counsel, must be made by motion. Fed. R. Civ. P. 7(b).

Accordingly, for the foregoing reasons, Plaintiff's request for appointment of counsel should be denied without prejudice. If Plaintiff chooses to request appointment of counsel, he should do so by motion demonstrating exceptional circumstances.

## V.  CONCLUSIONS AND RECOMMENDATIONS

The undersigned concludes that (1) Plaintiff is not presently entitled to appointment of counsel, and (2) Plaintiff's FIRST amended complaint states cognizable medical indifference claims for damages against Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah, but no other claim. Plaintiff was previously advised of and instructed as to correction of the deficient claims, that the deficiencies persist suggests amendment is futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's request for appointment of counsel be denied without prejudice,
2. Plaintiff should proceed on the FIRST amended complaint Eighth Amendment medical indifference claims seeking damages against Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah,
3. All other claims asserted in the FIRST amended complaint and all other individually named Defendants should be dismissed with prejudice,
4. Service should be initiated on the following Defendants:
    a. **GREAVES**, Medical Doctor at Corcoran State Prison,
    b. **BONDOC**, Medical Doctor at Corcoran State Prison,
    c. **PUNT**, Medical Doctor at High Desert State Prison,
    d. **MADINA**, Medical Doctor at High Desert State Prison,

        e.     **SWINGLE**, Medical Doctor at High Desert State Prison,

        f.     **NEUBARTH**, Medical Doctor at Corcoran State Prison,

        g.     **COREA**, Medical Doctor at Corcoran State Prison,

        h.     **DHAH**, Medical Doctor at Corcoran State Prison,

5. The Clerk of the Court should send Plaintiff eight (8) USM-285 forms, eight (8) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the FIRST amended complaint filed December 20, 2012,

6. Within thirty (30) days from the date of adoption of these findings and recommendations, Plaintiff should complete and return to the Court the notice of submission of documents along with the following documents:

    a.    Completed summons,

    b.    One completed USM-285 form for each Defendant listed above, and

    c.    Nine (9) copies of the endorsed FIRST amended complaint filed December 20, 2012, and

7. Upon receipt of the above-described documents, the Court should direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections.

/////

/////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  December 12, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE