## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:11-cv-00068-AWI-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (1) FOR SERVICE OF COGNIZABLE MEDICAL INDIFFERENCE CLAIMS IN FIRST AMENDED COMPLAINT AGAINST DEFENDANTS GREAVES, BONDOC, PUNT, MADINA, SWINGLE, NEUBARTH, COREA, DHAH, and (2) DISMISSING ALL OTHER INDIVIDUALLY NAMED DEFENDANTS**<br><br>**(ECF No. 21)** |

Plaintiff Bryan E. Ransom is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On December 13, 2013, the Magistrate Judge issued findings and recommendations that (1) Plaintiff's request for appointment of counsel be denied without prejudice, (2) Plaintiff should proceed on the FIRST amended complaint Eighth Amendment medical indifference claims seeking damages against Defendants Greaves, Bondoc, Punt, Madina,

1

Swingle, Neubarth, Corea and Dhah, and service should be initiated on these Defendants, (3) all other claims asserted in the FIRST amended complaint and all other individually named Defendants should be dismissed with prejudice. (ECF No. 21.) On January 23, 2014, Plaintiff filed objections to the findings and recommendations. (ECF No. 25.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff objects on three grounds. First, Plaintiff asserts that the Magistrate Judge failed to analyze, as an excessive force claim, his allegation that prison staff retaliated against him by labelling him a "snitch." However, it remains that Plaintiff does not identify any application of force linked to the named Defendants. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). The cases cited in the objection offer no support. This objection fails.

Second, Plaintiff asserts the Magistrate Judge erred in finding deficient his retaliatory transfer claim against the Departmental Review Board ("DRB") Defendants, arguing the claim is sufficiently supported by circumstantial evidence. Timing of the events surrounding any alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995). However, Plaintiff merely re-hashes allegations that DRB Defendants were motivated by civil rights litigation Plaintiff had filed two years earlier against their predecessors, and that these Defendants acted without penological purpose. These allegations were considered by the Magistrate Judge and found deficient. Plaintiff does not point to any error of law or fact. The retaliation claim against the DRB Defendants fails for the reasons stated by the Magistrate Judge.

Finally, Plaintiff asserts that the Magistrate Judge erred in finding deficient allegations the DRB Defendants' facility transfer decisions denied him due process. He notes that his due process allegations relate to transfer from High Desert State Prison ("HDSP") to Corcoran State Prison ("CSP"), rather than from CSP to HDSP, and the

findings and recommendations are so corrected. Nonetheless it remains the allegations are insufficient to support a liberty interest in avoiding restricted (SHU) housing at CSP. There is no liberty interest in avoiding more adverse conditions of confinement, see Wilkinson v. Austin, 545 U.S. 209, 221 (2005), where, as here, there is no suggestion of atypical and significant hardship. Id. at 221-23, citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995); see also Rodriguez v. Pearson, 473 Fed.Appx. 728 (9th Cir. 2012). Even if Plaintiff had alleged such a liberty interest, he does not identify any procedural rights due, at hearing or otherwise that were denied him, for the reasons stated by the Magistrate Judge.

Plaintiff's objections do not raise an issue of law or fact under the findings and recommendations for the reasons stated.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed on December 13, 2013 (ECF No. 21), as corrected herein, in full,
2. Plaintiff's request for appointment of counsel is denied without prejudice,
3. This case shall proceed on the FIRST amended complaint Eighth Amendment medical indifference claims seeking damages against Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah,
4. All other claims asserted in the FIRST amended complaint and all other individually named Defendants are dismissed with prejudice,
5. Service shall be initiated on the following Defendants:
    a. GREAVES, Medical Doctor at Corcoran State Prison,
    b. BONDOC, Medical Doctor at Corcoran State Prison,
    c. PUNT, Medical Doctor at High Desert State Prison,
    d. MADINA, Medical Doctor at High Desert State Prison,
    e. SWINGLE, Medical Doctor at High Desert State Prison,
    f. NEUBARTH, Medical Doctor at Corcoran State Prison,
    g. COREA, Medical Doctor at Corcoran State Prison,

        h.      DHAH, Medical Doctor at Corcoran State Prison, and

6. The Clerk of the Court shall send Plaintiff eight (8) USM-285 forms, eight (8) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the FIRST amended complaint filed December 20, 2012,

7. Within thirty (30) days from the date of adoption of these findings and recommendations, Plaintiff shall complete and return to the Court the notice of submission of documents along with the following documents:

    a.      Completed summons,

    b.      One completed USM-285 form for each Defendant listed above,

    c.      Nine (9) copies of the endorsed FIRST amended complaint filed December 20, 2012, and

8. Upon receipt of the above-described documents, the Court shall direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS SO ORDERED.

Dated:   April 18, 2014

SENIOR DISTRICT JUDGE