# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No.  1:11-cv-00068-AWI-MJS (PC)<br><br>**ORDER PROVIDING DEFENDANT DHAH OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE**<br><br>**(ECF No. 36)**<br><br>**THIRTY (30) DAY DEADLINE** |

    On May 16, 2014, the Court ordered the United States Marshal to serve process upon the defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On November 24, 2014 the United States Marshal filed a return of service with a USM-285 form showing charges of $86.83 for effecting personal service on Defendant Dhah.  The form shows that a waiver of service form was mailed to Defendant Dhah on May 28, 2014. Apparently, no response was received and the summons was assigned for personal service on November 13, 2014.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).  "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant Dhah was given the opportunity required by Rule 4(d)(1) to waive service, but failed to comply with the request. The Court shall provide Defendant with the opportunity to show good cause for failing to waive service. If Defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Dhah may, within thirty (30) days from the date of this order, show good cause for failing to waive service; and

2. If Defendant either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon Defendant Dhah the costs incurred in effecting service.

IT IS SO ORDERED.

Dated:   February 9, 2015               /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

2