UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | Case No. 1: 11-cv-00068-AWI-MJS (PC)<br><br>ORDER GRANTING U.S. MARSHALS' REQUEST FOR REIMBURSEMENT OF COSTS OF SERVING DEFENDANT DHAH<br><br>(ECF No. 36) |

## I.    **BACKGROUND**

On May 16, 2014, the Court ordered the United States Marshals Service ("Marshal") to serve process upon the Defendants in this case. (ECF No. 28.) The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the Defendants. If a waiver of service was not returned by a Defendant within sixty days, the Marshal was directed to effect personal service on the Defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

The Marshal attempted, without success, to secure a waiver of service and then attempted personal service on Defendant Dhah. On November 24, 2014, the Marshal filed a return of personal service as executed for Defendant Dhah. (ECF No. 36.)

On that same date, the Marshal filed a request for reimbursement of costs for serving Defendant Dhah along with an executed return of summons and USM-285 form showing personal service costs of $86.83. (ECF No. 36.) The USM-285 form shows that a waiver of service form was mailed to Defendant Dhah on May 28, 2014, and that she was personally served on November 19, 2014.

Defendant Dhah objects to the reimbursement request. She asserts that she received a copy of the Complaint via email on June 19, 2014 from the Registry of Physicians Specialists, where she has not been employed since 2012. She contends that she contacted the Registry about the suit, but did not receive a reply from them until November 2014, and "to [her] knowledge," she never received a waiver of service form. (ECF No. 46.)

## II.  **DISCUSSION**

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant Dhah was given the opportunity required by Rule 4(d)(1) to waive service. While Defendant Dhah attests that she does not believe that she received the waiver of service form, she provides no corroboration for this contention such as that which would be expected to be contained in the transmittal document that accompanied the Complaint she received in June 2014. While failure to receive the waiver form may support a finding of good cause, Plaintiff has not provided evidence to support her claim that she did not receive the form. *See* Fed. R. Civ. P. 4 (1993 Advisory

Committee Notes); *see also Henry v. Glaize Maryland Orchards, Inc.*, 103 F.R.D. 589, 591 (D.C. Md. 1984) (return of service documents as unclaimed provided proof that documents were never received by defendant).  It also appears she did nothing in response to the Complaint from June 2014 to November 2014 other than contact the Registry about the suit.

The Court finds Defendant Dhah failed to sign and return the waiver requested by the Marshal and that costs incurred in effecting service should be imposed upon her.

### III.     ORDER

For the reasons stated, IT IS HEREBY ORDERED that the request by the U.S. Marshals Service for reimbursement of $86.83 in costs incurred in serving Defendant Dhah (ECF No. 36.) is GRANTED.

IT IS SO ORDERED.

Dated:   March 11, 2015                    /s/ *Michael J. Seng*
                                                       UNITED STATES MAGISTRATE JUDGE