UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.  1: 11-cv-00068-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANTS GREAVES AND COREA FOR INSUFFICIENT INFORMATION TO EFFECT SERVICE OF PROCESS<br><br>(ECF No. 43.)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  The action proceeds against Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah on Plaintiff's Eighth Amendment medical indifference claim.  (ECF Nos. 21 & 26.)

The United States Marshal was ordered to initiate service of process on May 16, 2014.  (ECF No. 28.)  The Marshal was not able to locate Defendants Greaves and Corea and the summons was returned unexecuted on November 19, 2014.  (ECF No.

34.) The Marshal's Office sought assistance from the prison and the Special Investigator for the California Department of Corrections and Rehabilitation but was still unable to locate Defendants Greaves and Corea. (ECF No. 34.) On March 5, 2015, the Court ordered Plaintiff to show cause why Defendants Greaves and Corea should not be dismissed for his failure to provide the Marshal with accurate and sufficient information to effect service of process. (ECF No. 43.)

Plaintiff has failed to respond to the Order to Show Cause, and the time period to do so has passed.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties. . . " *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Id.* (internal quotations and citation omitted). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Id.* at 1421-22.

Despite Plaintiff presumably having provided all information he has regarding

2

Defendants Greaves and Corea and their whereabouts, the Marshal has been unable to effect service of process upon them.  Absent additional information about said Defendants' whereabouts, further attempts at service would be futile, and it appears that no further information will be forthcoming.

Plaintiff has not offered any explanation why he has not and cannot provide information sufficient to effect service of process upon Defendants Greaves and Corea. The obligation to do so is on Plaintiff, not Defendants.  *Walker*, 14 F.3d at 1422.

Accordingly, for the reasons stated, the undersigned finds that the avenues available to locate and serve Defendants Greaves and Corea have been exhausted and recommends that Defendants Greaves and Corea be dismissed from this action without prejudice.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 25, 2015                          /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE