UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1: 11-cv-00068-AWI-MJS (PC)<br><br>ORDER ENTERING DEFAULT AGAINST DEFENDANT PUNT<br><br>(ECF No. 39) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds against Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah on Plaintiff's Eighth Amendment medical indifference claims. (ECF Nos. 21 & 26.)

Federal Rule of Civil Procedure 55(a) requires the Clerk of Court to enter default against a party when that party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The docket for this case shows that the United States Marshal sent a waiver of service form to Defendant Punt on June 26, 2014, and she returned the form on July 10, 2014. (ECF No. 33.) The waiver is signed by

1 Defendant Punt and states that she understands that judgment may be entered against
2 her if she does not file an answer or a motion under Federal Rule of Civil Procedure 12
3 within sixty days of June 26, 2014. (ECF No. 33.)
4      On February 10, 2015, Defendant Punt was ordered to show cause why default
5 should not be entered against her. (ECF No. 39.) On February 23, 2015, the order was
6 returned as undeliverable. On March 19, 2015, the Court directed the Clerk's Office to
7 re-serve the order to show cause on Defendant Punt at the address where service was
8 effectuated. (ECF No. 48.)
9      To date, Defendant Punt has failed to respond to the order to show cause, file a
10 responsive pleading or otherwise defend within the requisite 21-day time period. Rule
11 55(a) mandates that the Clerk enter default against Defendant Punt. Accordingly, the
12 Clerk of Court will be directed to enter default against Defendant Punt.
13      Once default has been entered, the burden shifts back to the plaintiff to move for
14 the entry of default judgment. Fed. R. Civ. P. 55(b)(2). The entry of default against a
15 defendant does not necessarily entitle a plaintiff to a default judgment. *Aldabe v.*
16 *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider numerous factors in
17 deciding whether to exercise its discretion to enter a default, including "the merits of
18 plaintiff's substantive claim," the possibility of disputed material facts, "whether
19 [defendant's] default was due to excusable neglect," and the strong policy favoring
20 decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986).
21      If Plaintiff chooses to file a motion for default judgment against Defendant Punt,
22 he must prove the specific amount of damages to which he is entitled under the sworn
23 allegations in the first amended complaint. Fed. R. Civ. P. 55(b)(2). He should submit a
24 sworn declaration, along with any other supporting documentation, outlining his
25 damages with sufficient particularity so as to allow the Court to determine from it and
26 the First Amended Complaint whether default judgment is appropriate and, if so, in what
27 amount. Plaintiff is warned that he is limited to the damages sought in his First
28 Amended Complaint. *See* Fed. R. Civ. P. 54(c).

1    Based on the foregoing, it is HEREBY ORDERED that:

2    The Clerk of Court is directed to enter default against Defendant Punt and serve a copy of this order on Defendant Punt at the address where service of the First Amended Complaint was effectuated.

IT IS SO ORDERED.

Dated:   April 28, 2015              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

3