UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No.  1: 11-cv-00068-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO: 1) DENY PLAINTIFF'S MOTION FOR PLU STATUS (ECF No. 70); AND 2) DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 71)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  The action proceeds against Defendants Bondoc, Madina, Swingle, Neubarth, Corea and Dhah on Plaintiff's Eighth Amendment medical indifference claims.[1]  (ECF Nos. 21 & 26.)

Before the Court is Plaintiff's motion for PLU status (ECF No. 70.) and motion for a temporary restraining order and preliminary injunction (ECF No. 71.).  Defendants Bondoc, Neubarth, and Swingle opposed the motions.  (ECF Nos. 72 & 73.)  No other Defendants filed an opposition, and Plaintiff did not reply.  The time to do so has

---

[1] Defendant Greaves was dismissed (ECF No. 67.), and Defendant Punt has defaulted (ECF Nos. 53 & 54.)

passed. These matters are deemed submitted. Local Rule 230(*l*).

## I. MOTION FOR PLU STATUS

Plaintiff seeks an order requiring Corcoran State Prison Law Library to provide him with "Priority Library User" ("PLU") status. Plaintiff contends that without such status he will not have sufficient access to the library to comply with the Court's discovery deadlines.

Defendants argue that Plaintiff's motion should be denied because: 1) the Court lacks jurisdiction over Corcoran law library, 2) Plaintiff has adequate law library access under the Code of Regulations and as demonstrated by his litigiousness to date, 3) Plaintiff could request PLU status from the library based on his discovery deadlines, and 4) Plaintiff has not exhausted his administrative remedies on said request.

There is no indication that any of the named Defendants have any influence over the policies and practices of Corcoran State Prison Law Library. The Court has no power to issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985). To date, it appears that Plaintiff has been able to meet the Court's deadlines, and when he has not been able to do so and has shown good cause, the Court has granted him extensions of time. Should Plaintiff need additional time in the future, he can file a motion seeking an extension at that time. The Court recommends that Plaintiff's motion be DENIED.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff seeks a temporary restraining order and preliminary injunction requiring Corcoran State Prison to provide him with a complete copy of his Central file ("C-File") and his medical records from 2003 to present addressing his chronic Hepatitis-C and joint pain.

2

### A. Parties' Arguments

Plaintiff contends that he needs a copy of his C-File and medical records in order to litigate this case. He states that he requested his 2004 to 2010 medical records from Defendant Bondoc, but Defendant objected that he lacked access to Plaintiff's medical records; he provided Plaintiff a release form to obtain his records. When Plaintiff requested the records through the proper channels, he received only a small portion of his relevant medical records. Plaintiff was informed that he would need to pay for copies of his C-File or "go thru the courts in regards to discovery." (ECF No. 71 at 16.)

Defendants argue that the Court lacks jurisdiction over Corcoran State Prison, and Plaintiff's motion is an improper request for discovery.

### B. Legal Standard

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20).

### C. Analysis

Again, Plaintiff is seeking relief against a non-party. The Court does not have jurisdiction over Corcoran State Prison, and thus cannot issue a temporary restraining order or preliminary injunction against it. *See Zenith*, 395 U.S. at 112; *Price v. City of Stockton,* 390 F.3d 1105, 1117 (9th Cir. 2004). Additionally, Plaintiff fails to address any of the above factors in his motion, and, in any event, it appears that Plaintiff has access to the materials that he seeks.

## III. CONCLUSION AND RECOMMENDATION

The Court finds that it does not have jurisdiction over Corcoran State Prison or its Law Library, and Plaintiff has not established his entitlement to a temporary restraining order and preliminary injunction. Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for PLU status be DENIED; and
2. Plaintiff's motion for a temporary restraining order and preliminary injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 1, 2015           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE