1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| BRYAN RANSOM,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>Defendants. | Case No.  1:11-cv-00068-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS<br>TO: (1) GRANT DEFENDANT MEDINA'S<br>MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 75) AND (2) DENY<br>DEFENDANT BONDOC'S MOTION FOR<br>SUMMARY JUDGMENT (ECF No. 77)<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO FILE SUR-REPLY<br>(ECF No. 92.)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO FILE PROPOSED<br>SUPPLEMENTAL/AMENDED BRIEF<br>(ECF No. 101.)<br><br>FOURTEEN (14) DAY OBJECTION<br>DEADLINE |

19     **I.     PROCEDURAL HISTORY**

20          Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil

21     rights action brought pursuant to 28 U.S.C. § 1983.  (ECF No. 1 & 12.)  The action

22     proceeds against Defendants Bondoc, Punt, Medina[1], Swingle, Neubarth, Corea and

23     Dhah on Plaintiff's Eighth Amendment medical indifference claim.  (ECF Nos. 21 & 26.)

24          Before the Court are Defendant Medina and Defendant Bondoc's motions for

25     summary judgment on exhaustion grounds.  (ECF Nos. 75 & 77.)  Plaintiff opposed the

26     motions.  (ECF Nos. 79 & 91.)  Defendants filed replies to the oppositions.  (ECF Nos.

27

28     _____

[1] Plaintiff's First Amended Complaint ("FAC") spells Defendant's name as "Madina."  It appears the proper
spelling is "Medina."  (ECF No. 75.)  The Court will use the latter spelling throughout this Order.

1
2
3
4   83 & 94.)  Plaintiff then filed a motion to file a sur-reply and a motion to supplement his

opposition to Defendant Medina's motion.  (ECF Nos. 92 & 101.)   Defendant Medina

responded.  (ECF No. 107.)   Plaintiff failed to file a reply, and the time to do so has

passed.  The matters are deemed submitted.  Local Rule 230(*l*).
5
6   **II.      LEGAL STANDARDS**
7
            **A.      Motion for Summary Judgment**
8
            Any party may move for summary judgment, and "[t]he [C]ourt shall grant
9
    summary judgment if the movant shows that there is no genuine dispute as to any
10
    material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.
11
    56(a).  Each party's position, whether it be that a fact is disputed or undisputed, must be
12
    supported by (1) citing to particular parts of materials in the record, including but not
13
    limited to depositions, documents, declarations, or discovery; or (2) "showing that the
14
    materials cited do not establish the absence or presence of a genuine dispute, or that
15
    an adverse party cannot produce admissible evidence to support the fact."  Fed R. Civ.

    P. 56(c)(1).
16
            "Where the moving party will have the burden of proof on an issue at trial, the
17
    movant must affirmatively demonstrate that no reasonable trier of fact could find other
18
    than for the moving party."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th
19
    Cir. 2007).   If the burden of proof at trial rests with the nonmoving party, then the
20
    moving party need only point to "an absence of evidence to support the nonmoving
21
    party's case."  *Id.*  Once the moving party has met its burden, the nonmoving party must
22
    point to "specific facts showing that there is a genuine issue for trial."  *Id.* (*quoting*
23
    *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).
24
            In evaluating the evidence, "the [C]ourt does not make credibility determinations
25
    or weigh conflicting evidence," and "it draws all inferences in the light most favorable to
26
    the nonmoving party."  *Id.*
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.     Exhaustion**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).  "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved.   A grievance also need not contain every fact necessary to prove each element of an eventual legal claim."  *Id.*  Instead, the grievance must alert "'the prison to the nature of the wrong for which redress is sought,'" *id.* at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)), and must give the prison an opportunity "to reach the merits of the issue."  *Id*. at 1119.

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).   Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies.  *Id*.  A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low."  *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012).  The "defendant need only show the existence of . . . [a grievance procedure] that the plaintiff did not use."   *Id.* (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778, n.5 (9th Cir. 1996)).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166.  If material facts are disputed, summary judgment should be

3

denied, and the district court should decide "disputed factual questions relevant to exhaustion . . . in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Id.* at 1170-71.

## III.   PLAINTIFF'S CLAIMS

Plaintiff complains in his First Amended Complaint ("FAC") that during 2004-2010, while incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison – Corcoran ("CSP-Corcoran") and High Desert State Prison ("HDSP"), his Hepatitis-C ("Hep-C") condition was not properly diagnosed, treated and accommodated.

With respect to Defendants Bondoc and Medina, Plaintiff complains:

On February 1, 2006, Defendant Bondoc ordered that Plaintiff have a liver biopsy to confirm he had Hep-C.  Defendant Bondoc then failed to follow-up and inform Plaintiff of the results, and, as a consequence, Plaintiff's treatment was delayed.

On April 1, 2008, Defendant Medina noted that Plaintiff suffered from Hep-C but denied him treatment.

## IV.   DEFENDANT BONDOC'S MOTION FOR SUMMARY JUDGMENT

### A.   Factual Background

The appeal process at all times relevant to Plaintiff's claims involved four levels: one informal and three formal.  First, the inmate was required to attempt to resolve the issue informally with the involved staff member.  If unsatisfied, the inmate could then seek formal review.  The division head or his/her designee conducted the first formal level of review, the institution head or his/her designee conducted the second level of review, and the chief of the Inmate Appeals Branch conducted the final level of review. Prior to August 2008, healthcare appeals submitted through this process were not tracked in a computer database.

During his incarceration, Plaintiff has filed and exhausted multiple healthcare appeals, including those related to his Hep-C.

1
2
3
4
5
6

On November 14, 2008, while an inmate at CSP-Corcoran, Plaintiff filed Appeal COR-09-08-17534.  The appeal complains of "Inadequate medical attention to a serious medical need."  (ECF No. 77-2 at 5.)  Plaintiff attaches test results indicating he was diagnosed with Hep-C and complains that he is not receiving "Interferon treatment" for his condition.  *Id.*  Attachments include a report of the results from the liver biopsy ordered by Defendant Bondoc.

7

## B.     Parties' Arguments

8
9
10
11
12
13
14
15

Defendant Bondoc argues that none of Plaintiff's appeals address the FAC allegations against her.   Appeal COR-09-08-17534 (submitted in November 2008) attaches the test results that she ordered, but it does not discuss her failure to follow-up on the biopsy or inform Plaintiff of the results.  Even if the Appeal had addressed the allegations against Defendant, it would have been untimely.  Appeals were required to be submitted within fifteen working days, and this appeal was filed approximately two-and-a-half years after the April 2006 test results and more than two years after Plaintiff was informed of those results in September 2006.

16
17
18
19
20
21
22
23
24
25

Plaintiff contends that he submitted an Appeal on May 3, 2006, but never received a response and was not informed of how to proceed further.  The May 3, 2006 Appeal, attached to Plaintiff's response, states: "I have been waiting for Approx. 6 months for the test results of my 4/5/06 liver biopsy, but no info has been forthcoming and is consequently delaying my Hep-C treatment."  (ECF No. 91-1 at 8.)  Plaintiff next argues that Appeal COR-09-08-17534 (submitted in November 2008) is not untimely because the issue regarding his delay in treatment was ongoing and therefore under 15 C.C.R. § 3084.6(c)(4) he could file an appeal at any time.  Because Appeal COR-09-08-17534 was granted, Plaintiff was not obligated to pursue it further in order to exhaust his administrative remedies.

26
27
28

In reply, Defendant contends that Plaintiff has not met his burden of establishing that he properly submitted his May 3, 2006 Appeal.  Plaintiff does not indicate who he

submitted the Appeal to or at what level it was submitted. Defendant argues that even if the Appeal was properly submitted, Plaintiff had a duty to inquire when he received no response to it. With respect to Plaintiff's November 2008 Appeal COR-09-08-17534, Defendant responds that it did not present ongoing issues as to Defendant Bondoc because Plaintiff already had the biopsy and obtained the biopsy results back in 2006.

**C.    Analysis**

        1.    <u>November 2008 Appeal COR-09-08-17534</u>

Appeal COR-09-08-17534 did not exhaust Plaintiff's administrative remedies as necessary to pursue the FAC against Defendant Bondoc. Plaintiff's claim is that Defendant Bondoc failed to follow-up on his liver biopsy results and inform Plaintiff of those results, thereby causing a delay in his Hep-C treatment. Plaintiff alleges that this failure occurred between February 2006 (when, according to Plaintiff, Defendant ordered the biopsy) and September 2006 (when Plaintiff says he finally received his biopsy results). While Appeal COR-09-08-17534 generally discusses Plaintiff's Hep-C condition and Plaintiff's complaint about delayed treatment, it did not address a failure or delay in receiving his liver biopsy results or a delay in treatment attributable to said delay or Defendant Bondoc.

Plaintiff's Appeal requests that his medical records and test results be reviewed and that he be given treatment. Plaintiff's November 2008 Appeal could not have addressed his claims as to Defendant Bondoc because Plaintiff had received his biopsy results more than two years earlier and attached them to the Appeal. Plaintiff's grievance did not alert "'the prison to the nature of the wrong for which redress is sought,'" namely Defendant's failure to follow-up and provide him with his test results. *Griffin*, 557 F.3d at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

Additionally, Appeal COR-09-08-17534 was not timely. Plaintiff's allegations regarding Defendant Bondoc arose out of the time period from February to September 2006. Plaintiff submitted Appeal COR-09-08-17534 in November 2008. Prison

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

regulations at the time required Plaintiff to submit the Appeal "within 15 working days of the event or decision being appealed . . ." 15 C.C.R. § 3084.6(c).  Plaintiff does not put forth evidence or argument that he did not have "the opportunity to file within the prescribed time constraints."  15 C.C.R. § 3084.3(c)(6).  Instead, he contends that the Appeal was timely because the issue was ongoing.  However, the provision allowing an inmate to file a grievance at any time during an event that is "ongoing" was not included in the regulations in effect in 2006.[2]

### 2.    May 3, 2006 Appeal

There are genuine issues of material fact as to whether Plaintiff's May 3, 2006 Appeal exhausted his administrative remedies with respect to Defendant Bondoc. Plaintiff avers that on April 5, 2006 he had a liver biopsy.  When he did not receive the results, he submitted a sick call slip and was informed he was "on MD line 5/2/06." (ECF No. 91-1 at 1-2, 6.)  When he did not receive the biopsy results on his visit to the clinic, he submitted an appeal on May 3, 2006, complaining that he had been waiting for approximately six months for his liver biopsy results, he had not received them yet, and thus his Hep-C treatment was being delayed.[3]  Plaintiff alleges he did not receive a response to his grievance and that prison regulations do not instruct a prisoner how to proceed if no response is received.  Plaintiff followed up by submitting another sick call slip on September 17, 2006 inquiring as to his results.  He was given the results on September 22, 2006.

Defendant Bondoc responds that Plaintiff has not provided sufficient information

---

[2] In determining timeliness under the current provision, the appeals coordinator "shall consider whether the issue being appealed occurred on a specific date or is ongoing.  If the issue is ongoing, . . . the inmate or parolee may appeal any time during the duration of the event."  15 C.C.R. § 3084.6(c)(4) (2015).  In 2006, the regulations allowed for an appeal to be rejected if "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints."  15 C.C.R. § 3084.6(c)(6) (2006).
[3] Plaintiff complained in the appeal that he had been waiting approximately six months.  Yet, the appeal was submitted approximately only one month after he had the liver biopsy.  As Defendant points out, this discrepancy could call into question the authenticity of the document and Plaintiff's credibility.  However, the Court cannot weigh the evidence and make such a determination on summary judgment.  *See Soremekun*, 509 F.3d at 984.

7

1
2
3

to support a finding that he submitted the appeal properly.  Defendant argues that, even if he had shown proper submission, he had an obligation to follow-up on the lack of response.

4
5
6
7
8
9
10
11
12
13

An inmate may be excused from exhausting his administrative remedies because the process is "effectively unavailable" or prison officials have obstructed the inmate's ability to follow the process.  *Nunez v. Duncan*, 591 F.3d 1217, 1223-26 (9th Cir. 2010). Without examining all the facts and claims, weighing the evidence and making a finding as to the parties' relative credibility, the Court cannot resolve whether or not Plaintiff properly submitted the May 3, 2006 Appeal and if so, if he had an administrative remedy still available to him despite not receiving a response.  Because such determinations cannot be made on a motion for summary judgment, the Court must recommend that Defendant's motion for summary judgment be DENIED.  *See Soremekun*, 509 F.3d at 984.

14
15

## V.   PLAINTIFF'S MOTIONS TO FILE A SUR-REPLY AND SUPPLEMENT HIS OPPOSITION TO DEFENDANT MEDINA'S SUMMARY JUDGMENT MOTION

16
17
18
19
20
21

On September 11, 2015, Plaintiff filed a motion for permission to file a sur-reply to address arguments raised in Defendant Medina's reply brief.  (ECF No. 92.)  Plaintiff argues that Defendant raised new issues not initially addressed in his motion for summary judgment, namely the timeliness, propriety, and vagueness of Plaintiff's May 16, 2008 appeal.  Defendant argues that Plaintiff's sur-reply is not authorized by the Local Rules or the Federal Rules of Civil Procedure and should be stricken.

22
23
24
25
26
27
28

Defendant could not have addressed his arguments related to Plaintiff's May 16, 2008 appeal in his motion for summary judgment because according to Defendant, he did not know the appeal existed at the time; HDSP has no record of the appeal.  Local Rule 230(*l*) provides for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules of Civil Procedure provide the right to file a response to a reply. Nonetheless, because Defendant was not able to address the May 16, 2008 appeal

1
2
until his reply, the Court GRANTS Plaintiff an opportunity to respond to Defendant's arguments by filing his sur-reply.

3
4
5
6
7
8
On October 5, 2015, Plaintiff filed a motion to file an amended and/or supplemental brief to address an issue he did not raise in responding to Defendant Medina's motion for summary judgment.   (ECF No. 101.)   Plaintiff argues that Defendant will not be prejudiced by the new filing because he has yet to reply to Plaintiff's opposition.   Defendant responds that not only has he already replied to Plaintiff's opposition, but Plaintiff submitted an improper sur-reply.

9
10
11
12
13
14
15
16
Plaintiff had a full and fair opportunity to address all of Defendant's arguments in his initial opposition and sur-reply.   The information that Plaintiff seeks to raise in a supplemental opposition is not new.   Plaintiff seeks permission to withdraw his concession that HDSP and CDCR have no record of a relevant appeal.[4]   Plaintiff could and should have raised this in his initial opposition.   Defendant, having already replied, would be prejudiced by allowing Plaintiff a supplemental opposition.   The Local Rules do not permit a supplemental opposition.   Local Rule 230(*l*).   Plaintiff's motion is DENIED.

17
## VI.   DEFENDANT MEDINA'S MOTION FOR SUMMARY JUDGMENT

18
### A.   Factual Background

19
20
21
22
Plaintiff's FAC alleges that Defendant Medina denied him treatment on April 1, 2008, when Plaintiff was an inmate at HDSP.   At that time, the California Code of Regulations required an inmate to "submit the appeal within 15 working days of the event or decision being appealed. . ."   15 C.C.R. § 3084.6(c).

23
24
HDSP and CDCR's California Correctional Health Care Services Inmate Correspondence and Appeals Branch have no record of Plaintiff submitting an appeal

25
26
27
28
[4] Plaintiff wants to dispute this fact by pointing to his November 2008 Appeal that he filed while an inmate at CSP-Corcoran.  Even if the Court had allowed Plaintiff to raise this argument, it would not have changed the Court's recommended ruling.  Plaintiff's November 2008 appeal is untimely and was not submitted at HDSP in accordance with CDCR's administrative grievance procedures at the time.  *See* 15 C.C.R. §§ 3084.2; 3084.6(c); 3084.3(c).

1

2

regarding Hep-C or misconduct by Medina from January 2008 to January 2009 while Plaintiff was housed at HDSP.[5]

3

### B.     Parties' Arguments

4

5

6

7

8

9

Defendant Medina argues that Plaintiff failed to exhaust his administrative remedies because he did not submit any appeal regarding Hep-C or Defendant Medina's alleged misconduct at any time from January 1, 2008 to January 1, 2009, while at HDSP.  The only appeal that mentions Defendant Medina is dated April 8, 2008 and requests that medical staff follow Defendant Medina's orders to monitor Plaintiff's blood pressure and provide him with Ensure.

10

11

12

13

14

15

16

17

Plaintiff contends that he submitted an appeal on May 16, 2008 to D. Swingle alleging that "medical staff are deliberately indifferent to my serious medical needs by their ongoing failure to and/or delay in providing me with Hep-C treatment."  (ECF No. 79 at 2, 11-13, 16.)  Defendant Swingle accepted the appeal and informed Plaintiff that he would be taken to the clinic for his treatment.  On June 23, 2008, Plaintiff requested an interview to learn the status of his request.  Plaintiff never received a response. Plaintiff contends that prison officials' failure to respond made the administrative grievance process unavailable to him.

18

19

20

21

Defendant replies that, even if one assumes Plaintiff's contentions regarding his May 2008 appeal are true, the appeal was improperly submitted, untimely, and too general to give notice to HDSP staff regarding any possible wrongdoing of Defendant Medina.

22

23

24

25

26

27

Plaintiff argues that he properly submitted the form to D. Swingle because prison regulations require an inmate to first informally submit an appeal to the staff involved; his appeal was specific in that it stated medical staff were responsible; the event was his lack of Hep-C treatment; and his appeal was timely because the issue was "ongoing" under 15 C.C.R. § 3084.6(c)(4).

28

---

[5] Plaintiff conceded this fact.  (ECF No. 79 at 27.)  As ruled in Section V, his attempt to withdraw his concession and file a supplemental brief was denied.

1

2

**C.     Analysis**

3
Defendant has met his burden to show Plaintiff failed to exhaust his

4
administrative remedies.   There are no records indicating that Plaintiff, at any time

5
between January 2008 and January 2009, while a prisoner at HDSP, submitted an

6
administrative appeal alleging misconduct by Defendant Medina or regarding Hep-C.

7
Plaintiff contends that he filed an appeal on May 16, 2008 (an appeal for which the

8
prison has no record) and that his attempts to follow-up on that appeal were unavailing.

9
However, the procedures at the time required Plaintiff to submit an appeal within fifteen

10
working days of the event or decision to be appealed, and if the appellant could not

11
resolve the issue with the staff member at the informal level, the appeal was to be

submitted to the appeals coordinator.   *See* 15 C.C.R. §§ 3084.5; 3084.6(c).

12

13
Even if the Court accepts as true that Plaintiff submitted an appeal to D. Swingle

14
on May 16, 2008, he has not met his burden of demonstrating the administrative

15
grievance procedure was unavailable to him.   *See Albino*, 747 F.3d at 1172 (the

16
prisoner bears the burden "to come forward with evidence showing that there is

17
something in his particular case that made the existing and generally available

18
administrative remedies effectively unavailable to him").   Plaintiff's May 16, 2008 appeal

19
could not have exhausted Plaintiff's administrative remedies as to his claims against

20
Defendant Medina because it was untimely and incorrectly submitted to the wrong staff

21
member (D. Swingle instead of Medina).   *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)

22
("Proper exhaustion demands compliance with an agency's deadlines and other critical

23
procedural rules . . .").   Plaintiff's contention that the issue with Medina was "ongoing"

24
and therefore the appeal was timely is also without merit.   The California Code of

25
Regulations in effect through September 2008 did not have the provision regarding

26
"ongoing" events, and therefore the Court need not decide whether Plaintiff's claims

27
regarding Defendant Medina were still occurring in May 2008.   (ECF No. 75-5 at 7.)

It is hereby recommended that Defendant's motion for summary judgment be

28

GRANTED.

## VII.   CONCLUSION AND RECOMMENDATION

The Court HEREBY GRANTS Plaintiff's motion to file a sur-reply (ECF No. 92.) and DENIES Plaintiff's motion to file a supplemental/amended opposition (ECF No. 101.)

The Court finds there are disputed issues of material fact regarding exhaustion, precluding Defendant Bondoc's motion for summary judgment.  The Court also finds that no genuine issues of material fact exist as to Defendant Medina's motion for summary judgment.  Accordingly, the Court HEREBY RECOMMENDS that Defendant Bondoc's motion for summary judgment (ECF No. 75.) be DENIED and Defendant Medina's motion for summary judgment (ECF No. 77.) be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __November 17, 2015__         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28