UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | CASE NO. 1:11-cv-00068-AWI-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND AN EXPERT MEDICAL DOCTOR<br><br>(ECF No. 119) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds against Defendants Bondoc, Madina, Swingle, Neubarth, Corea and Dhah on Plaintiff's Eighth Amendment medical indifference claims.[1] (ECF Nos. 21 & 26.)

Before the Court is Plaintiff's motion for appointment of counsel and/or an expert medical doctor. (ECF No. 119.)

---

[1] Defendant Greaves was dismissed (ECF No. 67.), and Defendant Punt has defaulted (ECF Nos. 53 & 54.)

## I. MOTION FOR APPOINTMENT OF AN EXPERT

Plaintiff seeks an expert to assist him in proving that Defendants acted with medical indifference and to help prove damages. Under Rule 706(a) of the Federal Rules of Evidence, the Court has discretion to appoint a neutral expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999). Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *See Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010) (citation omitted).

The appointment of an independent expert is to assist the trier of fact, not a particular litigant. *See Joe S.Cecil & Thomas E. Willging*, Court-Appointed Experts, at 538 (Fed. Jud. Center 1994) (Rule 706 is meant to promote accurate fact finding where issues are complex, esoteric and beyond the ability of the fact finder to understand without expert assistance). Plaintiff suggests that an expert is needed to assist the trier of fact, but it is clear he is seeking only an expert is to assist him in proving his case and the amount of damages he is seeking. Rule 706 does not exist to assist a party.

Appointment of an independent expert under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice." *In re Joint E. & S. Dists. Asbestos Litig.*, 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case). This case is not such an exceptional case.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

### III. CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that:

Plaintiff's motion for appointment of counsel and/or an expert witness is DENIED. (ECF No. 119.)

IT IS SO ORDERED.

Dated:   December 21, 2015                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE