1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11

12

BRYAN E. RANSOM,

Plaintiff,

13

v.

14

15

DEPARTMENT OF CORRECTIONS AND
REHABILITATION, et al.,

16

17

Defendants.

18

Case No.  1: 11-cv-0068-AWI-MJS (PC)

**ORDER DENYING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT PUNT**

**(ECF No. 63)**

19     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

20  rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds against

21  Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah on

22  Plaintiff's Eighth Amendment medical indifference claims.  (ECF Nos. 21 & 26.) On April

23  29, 2015, default was entered against Defendant Punt. (ECF No. 53.) Plaintiff now

24  moves for entry of default judgment against this Defendant. (ECF No. 63.)

25     Federal Rule of Civil Procedure 55(b)(1) provides that, where the plaintiff seeks

26  "a sum certain or a sum that can be made certain by computation" and provides an

27  affidavit showing the amount due, the clerk must enter judgment for that amount and

28

costs against a defendant who has been defaulted. However, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The entry of default against a defendant does not necessarily entitle a plaintiff to a default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

"[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 928-29 (9th Cir. 2004) (following the First Circuit's definition of "sum certain" as set out in KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 17-21 (1st Cir. 2003)).

In the Court's order entering default against Defendant Punt, Plaintiff was informed that he must prove the specific amount of damages to which he is entitled under the sworn allegations in the First Amended Complaint ("FAC"). Fed. R. Civ. P. 55(b)(2). He was also informed that he should submit a sworn declaration, along with any other supporting documentation, outlining his damages with sufficient particularity to allow the Court to determine from it and the FAC whether default judgment is appropriate and, if so, in what amount. In support of his motion, Plaintiff submits his declaration and multiple exhibits generally detailing the progressive nature of Hep-C. Examination of this declaration, the exhibits, and Plaintiff's FAC convinces the Court that Plaintiff's motion for default judgment as to this Defendant should be denied

As an initial matter, the Court finds that the sum sought is not certain. Plaintiff complains in the FAC that during 2004-2010, while incarcerated by the California Department of Corrections and Rehabilitation at California State Prison – Corcoran and High Desert State Prison, his Hepatitis-C ("Hep-C") condition was not properly diagnosed, treated and accommodated. During this six-year span, Plaintiff met with several medical professionals who allegedly failed to treat Plaintiff's Hep-C. As to Dr. Punt, Plaintiff met with him once on March 3, 2008. At this meeting, Dr. Punt reviewed Plaintiff's Health Care Service Request, in which Plaintiff detailed the nature of his Hep-C, but Dr. Punt did not start Plaintiff on needed treatment. FAC ¶ 34.

1    Plaintiff claims that Dr. Punt's failure to treat him contributed to the progressive

2  damage to Plaintiff's health. As Plaintiff concedes, though, "[i]t is extremely difficult to

3  determine the monetary value of the physical damage to [his] liver and health caused by

4  Defendant K. Punt's failure to provide [him] Hepatitis C treatment." Pl.'s Decl. ¶ 10.

5  Nonetheless, Plaintiff asks for $250,000.00 in compensatory and punitive damages as

6  an adequate award. The amount of compensation due for Defendant Punt's role in

7  Plaintiff's injury, if any, and the amount of punitive damages appropriate for the alleged

8  misconduct are subject to considerable doubt, and thus the damages sought herein are

9  not of a "sum certain" under Rule 55(b)(1). Accordingly, the Court has discretion as to

10  whether to enter a default judgment against defendant.

11    A court may consider numerous factors in deciding whether to exercise its

12  discretion to enter a default:

13          Factors which may be considered by courts in exercising
            discretion as to the entry of default judgment include (1) the
14          possibility of prejudice to the plaintiff, (2) the merits of
            plaintiff's substantive claim, (3) the sufficiency of the
15          complaint, (4) the sum of money at stake in the action, (5)
            the possibility of a dispute concerning material facts, (6)
16          whether the default was due to excusable neglect, and (7)
            the strong policy underlying the Federal Rules of Civil
17          Procedure favoring decisions on the merits.

18  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986).

19    As a general rule, once default is entered, well-pleaded factual allegations in the

20  operative complaint are taken as true, except for those allegations relating to damages.

21  Tele Video Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam)

22  (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam));

23  see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although

24  well-pleaded allegations in the complaint are admitted by a defendant's failure to

25  respond, "necessary facts not contained in the pleadings, and claims which are legally

26  insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d

27  1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir.

28  1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]

3

defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted)); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

Examination of the FAC convinces the Court that, even taking Plaintiff's allegations as true, they are insufficient to establish deliberate indifference. "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi v. Chung, 391 F. 3d 1051, 1060 (9th Cir. 2004); see Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment). As noted, the FAC alleges only that Defendant Punt did not prescribe treatment for Plaintiff's Hep-C after reviewing Plaintiff's Health Care Service Request. But these facts, without more, simply do not raise this Defendant's conduct to the requisite level of deliberate indifference. In light of the sum of money at stake ($250,000.00), the insufficiency of Plaintiff's pleading, and the strong policy favoring decisions on the merits, Plaintiff's motion will be denied.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's May 26, 2015 motion for default judgment (ECF No. 63) is DENIED.

IT IS SO ORDERED.

Dated:   January 15, 2016          /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

4