1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

BRYAN E. RANSOM,

                    Plaintiff,

12

13

v.

14

DEPARTMENT OF CORRECTIONS
AND REHABILITATION, et al.,

15

16

                    Defendants.

17

18

19

CASE NO. 1: 11-cv-00068-AWI-MJS (PC)

**ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS TO:**

**(1) GRANT DEFENDANT MEDINA'S
MOTION FOR SUMMARY JUDGMENT
(ECF No. 75); AND**

**(2) DENY DEFENDANT BONDOC'S
MOTION FOR SUMMARY JUDGMENT
(ECF No. 77)**

**(ECF No. 113)**

20

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

21

rights action brought pursuant to 28 U.S.C. § 1983.  (ECF Nos. 1 & 12.)  The matter was

22

referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and

23

Local Rule 302.

24

        On   November   18,   2015,   the   Magistrate   Judge   issued   findings   and

25

recommendations (ECF No. 113) to grant Defendant Medina's motion for summary

26

judgment (ECF No. 75) and deny Defendant Bondoc's motion for summary judgment

27

(ECF No. 77). Both Defendant Bondoc and Plaintiff have filed objections. (ECF Nos.

28

115, 122.) Defendant Bondoc contends that Plaintiff failed to prove that he submitted his

administrative appeal in conformity with the rules governing submission of inmate appeals. *See* Cal. Code. Regs. Tit. 15, § 3084.5(a) (2006). Specifically, Defendant Bondoc notes that Plaintiff does not allege details regarding the person to whom he submitted the 2006 appeal or to what level it was submitted. Defendant Bendoc contends that a failure to submit an appeal at the informal level prior to submitting at the first formal level would have resulted in rejection of the appeal. Doc. 115 at 3 (citing Cal. Code Regs. Titl. 15 § 3084.3(c)(4) (2006); Pacillas Decl., Doc. 77-4 at ¶ 7). If Plaintiff had in fact improperly submitted his appeal, permitting it to be rejected, Plaintiff should have received a written rejection "explaining why the appeal is unacceptable." citing Cal. Code Regs. Titl. 15 § 3084.3(d) (2006). Plaintiff alleges that he never received any response to his May 3, 2006 appeal. Doc. 91-1 at ¶ 4. This Court agrees with the Magistrate Judge's finding that a dispute of material fact exists, precluding summary judgment on the question of exhaustion as to Defendant Bendoc.

Plaintiff takes issue with the Magistrate Judge's conclusion that he failed to exhaust administrative remedies as to Defendant Medina. Plaintiff first contends that a failure to treat a serious medical need is an ongoing wrong that can be appealed at any point during the withholding of treatment. Otherwise, Plaintiff argues, a prisoner who receives inadequate medical treatment but fails to file a grievance within 15 days would never be able to seek redress. Plaintiff is certainly correct that, under the 2008 rules, a prisoner could request medical treatment and, if denied or inadequate, could file a grievance. However, failure to treat Plaintiff's medical condition by a series of different medical providers over a period of years does not extend the time for Plaintiff to submit a grievance about any one incident to more than 15 days after the specific event occurred. *See Silas v. Barreras*, 2012 WL 1100661, *3 (S.D. Cal. Feb. 17, 2012); *Garcia v. Lamarque*, 2011 WL 3516144, *4-5 (N.D. Cal. Aug. 11, 2011); *Granger v. Alameida*, 2007 WL 1373889, *3 (E.D. Cal. May 8, 2007) *adopted by* 2007 WL 1821459 (E.D. Cal June 25, 2007); *but see Real v. Soltanian-Zadeh*, 2013 WL 858158, *4 (E.D. Cal. Mar. 5, 2013) (finding that a grievance submitted at all levels regarding a series of incidents—all

denying medical treatment—with multiple defendants, submitted more than 15 days after the first interaction with a defendant was sufficient to exhaust as to all defendants in the series). Because Plaintiff did not file a grievance within 15 days of his only reported interaction with Defendant Medina, on April 1, 2008, his administrative appeal—if submitted—was untimely. Taking all facts in the light most favorable to Plaintiff, the May 16, 2008 grievance could not have exhausted any claim as to Defendant Medina.

Second, Plaintiff contends that the requirement that he attempt to resolve the grievance informally with "staff involved in the action or decision," Cal. Code. Regs. Titl. 15 § 3084.5(a), should be understood only to require him to attempt to resolve the matter with any one of the multiple staff involved in the failure to provide medical treatment. Indeed, the CDC 602 Form provided to inmates has a blank for a single staff member to respond, sign, and date. *See* Doc. 79 at 18. Plaintiff further correctly notes that the rules governing submission of grievances during 2008 did not require an inmate to list the specific staff members involved in the alleged misconduct. *See* Cal. Code. Regs. Titl. 15 § 3084.2(a) (2008). Instead the inmate was required to "describe the problem and the action requested." *Id.* Because the Court already found that Plaintiff's grievance was untimely and could not have exhausted Plaintiff's administrative remedies as to Defendant Medina, it need not address the merit of this objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including the objections filed by both parties, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed on November 18, 2015 (ECF No. 113) in full;

2. Defendant Medina's July 30, 2015, motion for summary judgment (ECF No. 75) is GRANTED;

3. Defendant Bondoc's August 6, 2015, motion for summary judgment (ECF

No. 77) is DENIED; and

4. This matter is respectfully referred back to Magistrate Judge Seng to conduct a hearing regarding exhaustion, specifically to determine whether the May 6, 2006 grievance was submitted as alleged by Plaintiff and in conformity with the then-existing CDCR policies. *See Albino v. Baca*, 747 F.3d 1162, 1166-68 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   February 19, 2016  

_____

SENIOR  DISTRICT  JUDGE