UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>   Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>   Defendants. | Case No.  1:11-cv-0068-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT M. DHAH'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 137)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The case proceeds on First Amended Complaint ("FAC") Eighth Amendment medical indifference claims against Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah. (ECF Nos. 20, 21, 26.) Pending before the Court is Defendant Dhah's March 18, 2016, motion for summary judgment. (ECF No. 137.) Though Plaintiff was required to file an opposition or a statement of non-opposition to this motion within twenty-one days from the date of service, see E.D. Cal. Local Rule 230(*l*), he has not responded to the motion or sought an extension of time to do so. Accordingly, the Court deems the matter submitted.

## I.    **LEGAL STANDARDS**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

## II.   PLAINTIFF'S ALLEGATIONS[1]

Plaintiff, who at all relevant times was housed at California State Prison in Corcoran, California ("CSP-Cor"), suffers from Hepatitis-C ("Hep-C"). "On numerous occasions," he complained to Defendant Dhah about pain in his hands and wrists following the discontinuation of his prescription of Tramadol, a pain reliever.[2] Though Dhah noted the pain and swelling in Plaintiff's hands and wrists, he refused to prescribe effective pain medication. This refusal "served no legitimate penological interests or institutional/medical goal."

## III.   STATEMENT OF FACTS[3]

During the relevant period in this case, Manjit Dhah worked as a Nurse Practitioner and Physician's Assistant at CSP-Cor where he was involved with providing healthcare to patients with Hep-C. In this role, Dhah was familiar with CDCR treatment guidelines for healthcare treatment for those patients.

Dhah was involved in Plaintiff's treatment on the following nine days: October 24, 2008; November 14, 2008; November 18, 2008; November 20, 2008; March 25, 2010; June 30, 2010; September 1, 2010; November 12, 2010; and March 24, 2011.

Of these nine days, Dhah personally saw Plaintiff on only five days: November 14, 2008; June 30, 2010; September 1, 2010; November 12, 2010; and March 24, 2011.

### A.   November 14, 2008

On November 14, 2008, Dhah saw Plaintiff for a chronic care follow-up of Hep-C and hypertension. Though Plaintiff had no symptoms or complaints, he wanted treatment for his Hep-C. Plaintiff told Dhah that he underwent a liver biopsy in 2006, but Dhah did not see a record of the biopsy in the chart. Dhah ordered a blood stool test to be performed, sought a copy of the 2006 liver biopsy, and ordered a battery of tests

---

[1] The Court includes only those allegations relevant to Plaintiff's claim against Defendant Dhah.
[2] Tramadol is a controlled substance analgesic medicine used to treat moderate to severe pain and is sometimes used when a patient has not responded to more traditional pain medications.
[3] These facts, which are undisputed unless noted otherwise, are taken from Defendant's Statement of Undisputed Facts and Plaintiff's discovery response and deposition testimony. (ECF No. 137-8.)

3

needed for Hep-C treatment evaluation. Plaintiff did not complain of joint pain on that day.

### B. June 30, 2010

On June 30, 2010, Dhah saw Plaintiff for a follow-up of his history of occasional headaches. Plaintiff did not complain of joint pain on that day and did not have a headache on that day.

### C. September 1, 2010

On September 1, 2010, Dhah saw Plaintiff for a follow-up for Hep-C and high blood pressure. Dhah's review of Plaintiff's medications revealed an old prescription for Gabapentin. Plaintiff said this prescription was for joint pain that he experienced in the past, but it did not work for him and he had not been taking it. Plaintiff agreed to a discontinuation of the prescription. In discussing his health that day, Plaintiff indicated that he did, among other exercises, two hundred jumping jacks; he had occasional headaches that were "not bad"; and he had no dizziness or vision issues. Dhah's physical examination did not reveal any tenderness or deformities in Plaintiff's hands. Based on this examination and his conversation with Plaintiff, Dhah discontinued the Gabapentin prescription and ordered a 3-month supply of Tylenol, a standard medication for inmates with occasional headaches and for patients with a history of joint pains.

Plaintiff's version of this appointment differs somewhat.[4] Plaintiff contends that he told Dhah he was experiencing chronic joint pain in his hands, wrists, and fingers, and that the Gabapentin was not helping with pain management. Plaintiff told Dhah that he was awaiting a decision from the Pain Management Committee to possibly reinstate Plaintiff's Tramadol prescription and asked if Dhah could expedite the process. When Dhah said he would prescribe Motrin, Plaintiff said that Tramadol was initially prescribed for him because Motrin and Tylenol proved ineffective. In response, Dhah told Plaintiff

---

[4] Plaintiff's version of this appointment is gleaned from his Interrogatory responses and deposition testimony.

4

that Tramadol is no longer prescribed for pain and that the only medication he can prescribe now is Motrin or Tylenol. Plaintiff then inquired about medical marijuana, which irritated Dhah. Dhah laughed at Plaintiff and ordered an escorting officer to remove Plaintiff from the clinic.

Dhah denies laughing at Plaintiff, and he does not recall Plaintiff asking for medical marijuana. Even if Plaintiff did ask for medical marijuana, Dhah would not have been authorized to prescribe it. Similarly, prison healthcare guidelines in effect in 2010 precluded Dhah from prescribing Tramadol to patients because of its addictive qualities and potential for misused. Plaintiff acknowledges that a nurse practitioner cannot prescribe a medication that he is not authorized to provide.

### D. November 12, 2010

On November 12, 2010, Dhah saw Plaintiff for a follow-up for his Hep-C and high blood pressure. Plaintiff said he was "feeling fine" but wanted a prescription for antacids for occasional heartburn. Dhah prescribed a 2-month supply of antacids and ordered refills of Plaintiff's high blood pressure medications. Other than heartburn, Plaintiff did not complain of any pain that day.

### E. March 24, 2011

On March 24, 2011, Dhah saw Plaintiff one last time. Plaintiff complained of pain in his hands "every now & then," but said he had not experienced trauma, numbness, or any radiation of pain to his wrists or forearms. Dhah's examination of Plaintiff's hands was normal. There were no deformities and the hands were non-tender to palpation. For Plaintiff's occasional hand pain, Dhah recommended that he take Tylenol as needed.

### IV. ANALYSIS

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S.

5

97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, a prisoner evinces deliberate indifference by showing that prison officials denied, delayed, or intentionally interfered with medical treatment, or points the deficient way in which prison officials provided medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). However, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

Mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

There is no dispute here that Plaintiff's Hep-C and related joint pain amount to a serious medical need. The only question before the Court is whether Defendant Dhah's response to that need was deliberately indifferent. As to that question, the undisputed facts demonstrate that Plaintiff's claim against Defendant is premised on a mere difference of opinion as to the proper course of treatment. Though Plaintiff sought a renewal of his Tramadol prescription or an alternative treatment like medical marijuana, the evidence establishes that Defendant prescribed the only pain medication that he was authorized to provide. Plaintiff acknowledges that a nurse practitioner cannot prescribe a medication that he is not permitted to provide.

Additionally, in support of his motion, Dhah submits the declaration of Dr. Martin Sattah, a board certified internist who has consistently treated numerous patients with acute and chronic pain stemming from their contraction and treatment of HIV and/or Hep-C, including patients who have suffered from joint pain. Following review of Plaintiff's medical records and Dhah's provision of care, Dr. Sattah opines that Dhah appropriately responded to Plaintiff's medical history and complaints of pain, including ordering laboratory results, obtaining the liver biopsy results, and ordering recommended tests. Dr. Sattah also opines that the medications prescribed by Dhah were appropriate under the circumstances. Insofar as Plaintiff claims that Dhah refused to prescribe Tramadol, Dr. Sattah declares that any refusal would have been reasonable given the lack of indication by Plaintiff that his joint pains were severe, debilitating, or worsening on the dates he was seen by Dhah. Dr. Sattah thus concludes

7

that Dhah's treatment of Plaintiff was reasonable and clearly met the standard of care in the medical community.

In light of this evidence, the Court concludes that no reasonable trier of fact would find that Defendant's treatment of Plaintiff was deliberately indifferent. For these reasons, the Court will recommend that Defendant Dhah's motion for summary judgment be granted.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Dhah's March 18, 2016, motion for summary judgment (ECF No. 137) be GRANTED; and

2. Defendant Dhah be DISMISSED from this action.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 29, 2016              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

8