UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:11-cv-0068-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND TO EXTEND SCHEDULING ORDER**<br><br>**(ECF No. 111)** |

## I.  INTRODUCTION

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on a First Amended Complaint ("FAC") found to state Eighth Amendment medical indifference claims against Defendants Greaves, Bondoc, Punt, Madina, Swingle, Neubarth, Corea and Dhah. (ECF Nos. 20, 21, 26.) Plaintiff now moves the Court to compel Defendants to provide him with a copy of all of his medical records and his entire prisoner central file ("C-File"). Plaintiff also seeks a modification of the Court's Discovery and Scheduling Order. Defendants oppose Plaintiff's motion, and Plaintiff has not filed a reply. For the reasons set forth below, Plaintiff's motion will be denied.

## II. **RELEVANT BACKGROUND**

Plaintiff's motion to compel is premised on his claim that he has been prevented from accessing his medical records and C-File through channels available to him. Plaintiff first submitted a request for these files to Litigation Coordinator M. Kimbrell, but his request was denied as follows: "Medical records you have to Rx from UHM at the hospital. Central File docs are 10 cents per page. Otherwise you need to go thru the courts in regards to discovery." See Pl.'s Decl. Ex. A (ECF No. 112). Plaintiff asserts that he is indigent and thus unable to pay to photocopy his records. Plaintiff also asserts that he submitted a request for medical records related to his chronic Hep-C, tests, diagnosis, treatment, and joint pain, but received only a small portion of his records back with a note stating "Here are records between - 2004-2010. I can't say what is related to Hep C, you'll need to look thru these." Pl's Decl. Ex. B.

Next, Plaintiff submitted a discovery request for a copy of his medical records to Defendant Bondoc, who objected on the grounds that "Defendant is not a CDCR employee and has no access to Plaintiff's medical records. Plaintiff, however, may request to see his medical records at the institution where he is incarcerated." Pl.'s Decl. Ex. C.

Plaintiff then sought relief in this Court by filing a request for a temporary restraining order / preliminary injunction, which was denied for lack of jurisdiction and for Plaintiff's failure to show entitlement to relief. (ECF Nos. 71, 85, 106.)

Plaintiff turned to the institution once again for a copy of records. He submitted a CDCR-22 to his counselor requesting an "Olsen Review" of his C-File, but he has not yet received a response. Plaintiff also submitted another request for "a copy of all medical documents indicating the names and dates of each doctor and nurse practitioner who examined, treated, or interviewed [him] at Corcoran [State Prison] between 7/27/04 to 12/30/10." Pl.'s Decl. ¶ 12, Ex. G. The Medical Records Department denied Plaintiff's request for lack of specificity since Plaintiff failed to complete a "file

2

review" form indicating what type of information he needed (e.g., doctor's orders, progress notes, medical records, etc.) and the dates needed. Pl.'s Decl. ¶ 13, Ex. H. A "file review" form was provided to Plaintiff with a handwritten note stating "You need to give me document type & date – I cannot go thru ea[ch] document and pick out providers. And keep in mind if you order docs from 2004-2010, you could COD over $200 – thank you." Id.

Finally, Plaintiff sought assistance from defense counsel, who Plaintiff claims has "unbridled authority to scour through Plaintiff's medical and C-File without any restrictions or impediments imposed upon her." Pl.'s Decl. ¶ 14, Ex. I.

In light of his inability to access his records, Plaintiff seeks a six-month extension of the dates in the Court's Discovery and Scheduling Order.

## III.     DISCUSSION

At first glance, it appears that Plaintiff has exhausted his efforts to obtain a copy of his medical records and C-File. However, Defendants' opposition and unopposed evidence undermine Plaintiff's claims of diligence. For example, Plaintiff claims that he cannot access his medical records because he is unable to comply with the "policy" that he specifically identify each document by name and date. Defendants counter that an inmate does need not to identify a specific document with a specific date in order to review it, but the inmate is required to specify the *type* of document sought (e.g., interdisciplinary notes, doctor's orders, etc.) and a date range. Per Litigation Coordinator J. Kimbrell, Plaintiff's requests did not meet these requirements since his search requests were premised on a specific condition, and "the medical records specialist will not … research what documents in an inmate's medical files might relate to a specific type of treatment for a specific condition." Kimbrell Decl. ¶ 4. Defendants also submit evidence that, in the past, when Plaintiff tailored his request to the type(s) of document within a specific date range, he received related medical records. See id. Ex. A.

Plaintiff further claims that his indigence and cannot afford the $0.10 per page copy charge. As for his medical records, Litigation Coordinator Kimbrell's declaration provides that "[w]hile an inmate's trust account will be charged ten cents a copy for medical records, an inmate with no money in his inmate trust account will not be denied copies of medical records. Instead, a charge will be levied against his inmate trust account. After thirty days, if the inmate still has no funds, the charge will drop off the account." Kimbrell Decl. ¶ 5. Thus, Plaintiff's ability to access his medical records is not affected by his lack of funds.

As for the effect of Plaintiff's indigence on his ability to access the non-confidential records in his C-File, Plaintiff's motion is premature. Initially, Plaintiff should have a copy of the documents he seeks since he would have received them at or near the time they were created. Kimbrell Decl. ¶ 6. If Plaintiff does not have a copy, then he is entitled to an *Olsen* review to view the records, and he is entitled to one review yearly as a matter of right. Id. While Plaintiff submits that he filed an *Olsen* request, Litigation Coordinator Kimbrell declares that she was not aware of any such request, and Plaintiff never filed an appeal regarding the lack of a response. Id. ¶ 7. In any event, in response to this motion, Litigation Coordinator Kimbrell has now arranged for Plaintiff's correctional counselor to provide him with an *Olsen* review. Id. If Plaintiff locates documents in his C-File that are relevant to this action, he may then request copies of them at a cost of ten-cents per page. Id. ¶ 6. Since it is not yet clear if any documents in Plaintiff's C-File are relevant to this action, the Court finds that the issue of whether Plaintiff's indigence affects his ability to access these documents is not ripe.

Finally, Plaintiff's request that Defendants provide him with a copy of his entire medical record and C-File will be denied on grounds of overbreadth and relevance. Plaintiff has been incarcerated since 1996, and his records are extensive. Kimbrell Decl. ¶ 8. This lawsuit concerns only claims of inadequate medical care from 2004 to 2010 for his Hepatitis C. Absent a showing of relevance, and in light of the overbreadth of the

4

request, Court finds no reason to order Defendants to produce the entire contents of these files.

For these reasons, Plaintiff's motion to compel will be denied, as will his related request for a modification of the Discovery and Scheduling Order. <u>See</u> Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent.").

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 111) is DENIED.

IT IS SO ORDERED.

Dated:   July 7, 2016                              /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE