UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-0068-AWI-MJS (PC)<br><br>**ORDER VACATING ORDER TO SHOW CAUSE AND**<br><br>**FINDINGS & RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER**<br><br>**(ECF NO. 155)**<br><br>**FOURTEEN DAY DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. On March 21, 2016, Defendants filed a motion for summary judgment. To date, Plaintiff has not opposed the motion or filed a statement of non-opposition. On September 12, 2016, the Court ordered Plaintiff to file an opposition or statement of non-opposition within thirty days and warned Plaintiff that failure to do so could result in dismissal of his action with prejudice. (ECF No. 155.) The thirty day deadline passed without Plaintiff either filing an opposition or statement of non-opposition, or seeking an extension of time to do so.

　　　　Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser

sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Based on the foregoing, it is HEREBY ORDERED that the September 12, 2016, order to show cause (ECF No. 155) is VACATED; and

IT IS HEREBY RECOMMENDED that the action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   October 17, 2016           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

3